## ZANES v. LEHIGH VALLEY TRANSIT CO.

District Court, E. D. Pennsylvania. January 17, 1930.

No. 14884.

George R. Booth, of Bethlehem, Pa., for plaintiff.

382

T. J. Perkins and Butz & Rupp, all of Allentown, Pa., for defendant.

DICKINSON, District Judge. The statement of claim and affidavit of defense have such an unavoidable complexity that the mind becomes confused in its effort to grasp the question presented for a ruling. We are not sure that our analysis of the facts is complete, or that it presents the real question to be decided. Such, however, as it is, can be best presented by a very general outline statement of the facts, avoiding all unnecessary details, and thus making the statement simple and easily followed.

A corporation was formed for the purpose of operating a street railway. A mortgage in the usual form was given to secure an issue of bonds. Control of the corporate property thus subject to the lien of this mortgage passed to another company under the form of the usual lease, the lessee covenanting to make itself responsible in the form of a guaranty for the payment of the mortgage debt, indorsing such guaranty upon the bonds. All the corporate property of this lessee and guarantor afterwards passed through legal proceedings to still another company, which, after passing through successive changes in organization, has become the "Lehigh Valley Transit Company," the defendant. This latter company took over everything belonging to the first-named company which has remained subject, as above stated, to the payment of the mentioned mortgage. The plaintiff avers himself to be the owner of some of the bonds, the payment of which was thus guaranteed, and has brought suit against the defendant on the theory of the obligation of the latter company to pay these bonds arising out of its relations to the mortgaged property. It may be added, to complete this statement, that the defendant was in the continuous possession and still is in possession of the mortgaged premises, and has operated and is operating the mortgaged railway.

The discussion has taken a wide range, and many questions thought to arise out of this fact situation have been formulated and answers thereto invited. As we view it, however, the controlling question is single and in form simple. It is whether a succeeding owner of corporate property, subject to a mortgage, is liable in personam to the mortgagee for the payment of the mortgage. This question has in the discussion been confused, or at least intermingled, with other questions. One of the latter is the liability of a sublessee to the payment of the rent reserved by the lease. Another is the obligation of a grantee owner to perform covenants expressed in the original grant which run with the land.

The answer to the question which we have formulated would be unaffected by the circumstance of the agreement of guaranty, because there would be no stronger obligation on the part of the last grantee owner to fulfill the covenants of the guaranty than there would be to meet the covenants of the original mortgage. The argument addressed to us, however, seems to lay stress upon the guaranty of the intermediate owner as laying the basis for the application of the doctrine that, "where one having the right to accept or reject a transaction itself and retains benefits thereunder, or ratifies the transaction, is bound by it and cannot avoid its obligation or effect by taking a position inconsistent therewith."

The cases arising out of the fact situation of the existence of contracts on the part of the owner of the property connected with its management and operation, and continued to be performed by a succeeding owner, are also cited to us. We are not convinced that the latter line of cases have any application. Whenever two parties have a contract, or course of dealing of a contractual character, if one of the parties is succeeded by another, and the successor and remaining first party continue to deal with each other on the same terms upon which the first parties dealt, or with respect to which they had a definite contract, the succeeding party might well be bound by the terms of that contract on the theory of an implied novation. Such a theory, however, and nothing at all closely akin to it, could apply to the case of the alienee of a property which, when he took it over, was subject to the payment of a mortgage, and would not suggest that the alienee had thereby assumed the payment of the mortgage.

Such has never been understood to be the law of Pennsylvania. To establish this principle, it was made the subject of legislation in Pennsylvania, which found expression in the very familiar "under and subject" clause, which very commonly was incorporated in conveyances. Act Pa. June 12, 1878, P. L. 205 (Pa. St. 1920, §§ 18854, 18855). Were the principle for which the plaintiff contends a part of the law of Pennsylvania, the conditions out of which it would arise being as common and numerous as they are, certainly some definite statement of the doctrine would have found ex-

pression. We know of none and have been referred to none.

Without further discussion of the question, it answers to the purpose of the stage of litigation which this cause has reached to state that we are not ready to find that the defendant assumed any personal obligation to pay these mortgage bonds by the mere act of having succeeded to the ownership of the property which is subject to the mortgage. If the parties to this cause are willing to rest the case and defense upon the answer to the question we have formulated, we are prepared to rule in favor of the defendant. It does not follow, however, that an implied promise might not arise under some circumstances, or flow from some course of action or of conduct. This secondary question could only arise as a trial question upon and after a full development of the facts. In this view of the case we should content ourselves with simply a discharge of the rule for judgment.

In further accordance with this view, we refrain from making any order now, but grant leave to the parties to ask for an order for judgment in favor of the defendant, or for a discharge of the rule for judgment in favor of the plaintiff, according to the willingness or unwillingness of the parties to rest the decision of the cause upon the point discussed.